**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————————

KYLE JIGGETTS,                              :
                                           :
                          Plaintiff,        :       **REPORT AND**
                                           :       **RECOMMENDATION**
              - against -                   :
                                           :       **06 Civ. 4868 (JSR) (RLE)**
TRISTAR PATROL SERVICES, INC., et al.,      :
                                           :
                          Defendants.       :

————————————————————————————

**To the HONORABLE JED S. RAKOFF, U.S.D.J.:**

## I. INTRODUCTION

Before the Court is *Pro se* Plaintiff Kyle Jiggetts's Motion for Summary Judgment. For the

reasons that follow, I recommend that the motion be **DENIED**, and the Parties be required to file

their Joint Final Pretrial Order thirty (30) days after the Report is adopted.

## II. BACKGROUND

Jiggetts instituted this action in June 2006, alleging wrongful termination from his position

as a security guard. After a series of amended complaints, in May 2007 the undersigned granted

Jiggetts permission to file a fourth, and final, Amended Complaint. Discovery concluded on or

about November 12, 2007, and the Parties began settlement negotiations in early 2008. Jiggetts was

assigned counsel for purposes of settlement and an agreement in principle occurred in late February

2008. Over the course of the following months, Defendants drafted the settlement stipulation, which

was provided to Jiggetts no earlier than August of 2008. Jiggetts has apparently rejected the

settlement offer, and has submitted the present motion.

## III. DISCUSSION

Where a litigant wishes to move for summary judgment "[t]he judgment sought should be

rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). To facilitate the court's determination of a motion for summary judgment, the Southern District of New York implemented Local Rule 56.1, which requires "annexed to the notice of motion a separate, short and concise statement, *in numbered paragraphs*, of the material facts as to which the moving party contends there is no genuine issue to be tried." LOCAL CIV. R. 56.1(a) (emphasis in original). The court may consider failure to comply with this requirement grounds for denial.

Jiggetts's Motion for Summary Judgment fails to comply with the requirements of the Federal and Local Rules, and thus should be denied.[1] Even were the Court to consider the substance of Jiggetts's motion in deference to his *pro se* status, the motion should still be denied, as it lacks the requisite material facts presenting claims cognizable under the law. The motion is comprised of allegations and conclusory statements, not undisputed facts that could result in relief. In addition to the claims he asserts as the basis for his motion, Jiggetts attaches the following exhibits: A) a letter from the New York Department of Citywide Administrative Services to Tristar Patrol Services modifying a contract between the two entities; B) A New York State Division of Human Rights Charge of Discrimination Form, completed by Jiggetts and presented to the EEOC; and various signed and sworn statements by fellow security guards; C) Jiggetts's own deposition testimony; and D) two acknowledgment letters from the EEOC, dated March 21, 2006, and June 23, 2005, respectively, and accompanying materials regarding two separate charges of discrimination made by Jiggetts, one against The New York City Human

---

[1]This motion was sent directly to Chambers and was not filed with the *Pro Se* Office. Jiggetts has provided an affirmation of service, declaring that he served a copy of the motion on counsel for one of the Defendants, Andrez Carberry, of the New York City Law Department.

Resources Administration and one against his employer, John C. Mandel Security Bureau, Inc.

These materials do not present any material, undisputed, relevant facts upon which Jiggetts may move for summary judgment. The submission consists mainly of Jiggetts's own statements and conclusory allegations from the Complaint, and cannot provide the foundation for a motion for summary judgment. As a result, the motion should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Jiggetts's Motion for Summary Judgment be **DENIED**, and that the Parties be required to file their Joint Final Pretrial Order thirty (30) days after the Report is adopted.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, 500 Pearl Street, Room 1340, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**SO ORDERED this 23rd day of February 2009**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3

**Copies of this Report and Recommendation were sent to:**

*Pro se* Plaintiff
Kyle Jiggetts
Parkchester
PO Box 286
Bronx, NY 10462

Counsel for Defendants

James Joseph Culleton
Culleton, Marinaccio & Foglia
245 Main Street
White Plains , NY 10601

Andrez Shumree Carberry
New York City Law Department
100 Church Street
New York , NY 10007

4